66 November 19, 2025 No. 988

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

YEHEZKE'L ARYAN PALMORE,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR57002; A181494

Ann M. Lininger, Judge.

Submitted October 23, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals his judgment of conviction for first-degree trespass, fourth-degree assault constituting domestic violence, carrying a concealed weapon, and two counts of harassment, stemming from two separate domestic violence incidents with the same victim, CK. Defendant's sole assignment of error argues that the trial court erred when it denied his motion for a mistrial on venue grounds. Because we disagree with defendant's assertion that *State v. Mills*, 354 Or 350, 312 P3d 515 (2013), created an exception that would apply in this circumstance, we affirm.

Stating only the background relevant to our analysis, we begin with the indictment. The state, in Clackamas County, brought an indictment charging defendant with 7 counts: (1) first-degree burglary, ORS 164.225; (2) strangulation, ORS 163.187; (3) fourth-degree assault constituting domestic violence, ORS 163.160; (4) carrying a concealed weapon, ORS 166.240; (5) harassment, ORS 166.065; (6) fourth-degree assault constituting domestic violence, ORS 163.160; and (7) harassment, ORS 166.065. The state's allegations spanned two separate dates: November 2, 2022, which was addressed by Counts 6 and 7, and November 25, 2022, which was addressed by Counts 1 through 5. Defendant focuses his appeal on Counts 6 and 7, which stated:

> "The defendant, on or about November 2, 2022, *in Clackamas County, Oregon*, did unlawfully and intentionally, knowingly and/or recklessly cause physical injury to [CK]. The state further alleges this act constitutes a crime of domestic violence.
>
> "* * * * *
>
> "The defendant, on or about November 2, 2022, *in Clackamas County, Oregon*, did unlawfully and intentionally harass or annoy [CK] by subjecting [CK] to offensive physical contact."

(Emphases added.)

Defendant did not file a motion challenging venue before trial. Thus, we state the testimony that was presented at trial relevant to the issues on appeal.

CK testified that on November 2, she, her friend, and defendant went to get food early in the morning, and CK and defendant began arguing. That the argument caused her friend, who was driving, to pull over in a Safeway parking lot across from a Taco Bell in the City of Gresham, which is in Multnomah County. CK and defendant got out of the car and defendant grabbed CK by her hoodie and threw her into the car. That testimony was the basis of Counts 6 and 7.

CK also testified that on November 25, she and defendant had plans for defendant to come over to her house in Damascus, which is in Clackamas County, and hang out later in the day. Defendant was intoxicated when he arrived, and she had also been drinking. After some time watching videos in her room, the mood shifted, defendant went to smoke a cigarette in the garage, and CK joined him. The two got into CK's car and argued. At some point, CK reached for the keys in the ignition, and defendant ripped the key lanyard out of her hand, slicing her palm and breaking the skin. Defendant bit her lip, causing her to leave the vehicle and re-enter her home. Defendant forced his way into the home, pushed and choked CK, and left before a roommate could call police. That testimony was presented in support of Counts 1 through 5.

After CK testified about the November 2 incident in Gresham, defendant raised the potential venue issue for the first time. Defendant moved for a mistrial, claiming that the November 2 incident was improperly pleaded and improperly introduced "other acts" evidence. The court requested briefing on that matter, and the parties presented their arguments the following day. The court denied the motion for mistrial, concluding that defendant waived the venue objection by failing to raise it before trial. Subsequently, a jury convicted defendant on Counts 1, 3, 4, 5, and 7. Defendant timely appealed, raising denial of the motion for mistrial as his sole assignment of error.

Whether a mistrial should have been granted is reviewed for abuse of discretion. *State v. Bowen*, 340 Or 487, 508, 135 P3d 272 (2006) *cert den*, 549 US 1214 (2007). A trial court abuses its discretion when it denies the defendant a fair trial. *See id.* (stating that a trial court does not abuse its

discretion by denying defendant's motion for mistrial unless the prosecutorial misconduct at issue denied the defendant a fair trial).

Article I, section 11, of the Oregon Constitution provides, "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed." In *Mills*, the Oregon Supreme Court clarified the nature of that right, stating that it was a personal right, which could be waived, and that the constitutional provision did not codify the common law rule that required the state to prove venue as a part of its substantive case. 354 Or at 371.  It concluded, "[G]iven that the purpose of the right is to protect a defendant from the hardship and potential unfairness of being required to stand trial in a distant place, it makes sense that the matter of venue should be resolved as soon as possible before the trial itself." *Id.* at 373. Furthermore, the court reasoned, "[R]equiring a timely pretrial objection precludes a defendant from waiting until the trial has begun to raise the issue of venue, thus creating the need to start the trial over again or, worse, spawning potential double jeopardy problems." *Id.*

Defendant argues that *Mills* implies an unfairness exception to the waiver of venue rule it sets out. Defendant points to the court's approving citation to Washington State law, specifically the case *State v. Dent*, 123 Wash2d 467, 479, 869 P2d 392 (1994), to support that argument. *Mills*, 354 Or at 372.  Defendant claims that because Washington State law and *Dent* articulate a possible exception in instances where the defendant only learns of a venue issue after trial has begun, the Oregon Supreme Court implicitly adopted the same rule. Additionally, defendant argues that the court created an exception to waiver based on "unfairness" because the *Mills* court determined that it would be unfair to hold that the defendant had waived his venue challenge by not raising the issue pretrial given that *Mills* was overruling prior law that *did* allow the defendant to raise his venue challenge when he did. *See id.* at 373.

We disagree with defendant's reading of *Mills*. To illustrate how waiver of venue should be treated going forward, the *Mills* court cited a Washington State Supreme

Court decision, *Dent*, approving of how Washington's "constitutional venue guarantee generally requires a defendant to raise the issue of venue before trial begins." *Id.* at 372 (citing *Dent,* 123 Wash2d at 479). While *Dent* expressly discussed potential factual and statutory exceptions to the requirement to raise venue pretrial, *Dent*, 123 Wash2d at 480, the *Mills* court did not address, let alone adopt, the exceptions laid out in *Dent*, nor suggest that any exception *Dent* discussed—in dictum—would be applicable in Oregon, *see Mills*, 354 Or at 372-73.

    We also conclude that the facts in this case would not give rise to such an exception even if it existed. Defendant claims that he did not have the knowledge necessary to raise a venue challenge until he heard CK testify and identify the November 2 incident as taking place in Gresham, across the county line. But defendant and his counsel *did* have the information necessary to gather that knowledge before trial. Defendant had access to the video of the incident, grand jury testimony identifying the names of the stores where the incidents took place well before trial. In such circumstances, where defendant had months to investigate and clarify the locations in the discovery he was provided, we cannot say that fairness would dictate allowing an exception to the requirement that he raise the venue issue before trial, even if we were to conclude that *Mills* might allow for such an exception.

    Affirmed.